IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
FEB 1 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

WILLIAM LOGAN, TERRENCE J. HANCOCK, JOHN )
LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, )
MICHAEL I. RICHARDSON, and EDWARD )
DENORMANDIE as Trustees of LOCAL No. 731, )
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, )
GARAGE ATTENDANTS, LINEN AND LAUNDRY )
HEALTH & WELFARE FUND, )

and

JOHN LISNER, TERRENCE J. HANCOCK, )
WILLIAM LOGAN, STEVE VOGRIN, THOMAS )
YONKER, and BRAD WEBB as Trustees of LOCAL No. )
731, INTERNATIONAL BROTHERHOOD OF ) Judge:
TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE )
ATTENDANTS PENSION FUND, )
)
    Plaintiffs, )
)
v. )
)
GARY TICHACEK, individually and d/b/a TICHACEK )
TRUCKING, )
)
    Defendant. )

07CV926
JUDGE FILIP
MAGISTRATE JUDGE ASHMAN

## COMPLAINT

Plaintiffs, WILLIAM LOGAN, TERRENCE J. HANCOCK, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND ("Welfare Fund") and JOHN LISNER, TERRENCE J. HANCOCK, WILLIAM LOGAN, STEVE VOGRIN, THOMAS YONKER and BRAD WEBB as Trustees of LOCAL No. 731, I. B. of T. PRIVATE

SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of its complaint against Defendant, GARY TICHACEK, individually and d/b/a TICHACEK TRUCKING, state as follows:

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant, GARY TICHACEK ("Tichacek" or "Defendant"), does business within this District and is the principal officer, and on information and belief, sole shareholder of TICHACEK TRUCKING, an unincorporated business entity. TICHACEK, by operating, undertaking obligations and doing business in the name of an unincorporated business entity, is personally liable for the obligations undertaken in the name of TICHACEK TRUCKING. TICHACEK is an "employer" within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a). To whatever extent TICHACEK TRUCKING has an existence separate from TICHACEK, it is liable for the obligations imposed by the collective bargaining agreement between the parties.

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). At relevant times, Local No.

731 and TICHACEK, individually and d/b/a TICHACEK TRUCKING, were parties to successive collective bargaining agreements (herein "Agreement") which obligate TICHACEK, individually and d/b/a TICHACEK TRUCKING, to make monthly contributions on behalf of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which TICHACEK, individually and d/b/a TICHACEK TRUCKING, *inter alia,* identifies the employees covered under the agreement and the amount of contributions to the Funds remitted on behalf of each covered employee by the 20th of every month or be subject to 10% late fee as liquidated damages and assessed interest on the late payment and collection costs incurred by the Funds in seeking collection of the delinquent contributions.

5. Notwithstanding TICHACECK'S obligations under the collective bargaining agreements, the Defendant has failed to timely remit its monthly contributions and report owed to the Funds for the month of February 2005.

6. Despite demand duly made, TICHACEK, individually and d/b/a TICHACEK TRUCKING, has not remitted the delinquent report or amounts owed for the delinquent month.

7. All conditions precedent to requiring payment of these contributions amounts to the Fund have been met.

8. The Defendant's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

9. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Fund's governing documents, the Defendant is liable to the Fund for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% once a lawsuit is filed and reasonable attorneys' fees and court costs for each untimely remittance.

3

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request a judgment against TICHACEK, individually and d/b/a TICHACEK TRUCKING, as follows:

1. Finding that TICHACEK, individually and d/b/a TICHACEK TRUCKING, violated the Agreement;

2. Finding that TICHACEK, individually and d/b/a TICHACEK TRUCKING, is liable to the Funds for contributions, interest, liquidated damages, and attorneys' fees and court costs for each delinquent month;

3. Ordering TICHACEK, individually and d/b/a TICHACEK TRUCKING, to pay to Plaintiffs all accrued interest, liquidated damages and attorney's fees;

4. Ordering TICHACEK, individually and d/b/a TICHACEK TRUCKING, to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5 Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
Justin L. Lannoye
LaKisha M. Kinsey-Sallis
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

4